In the Matter of EDITH SCOTT, Appellant, v. PEEKSKILL HOUSING AUTHORITY, Respondent.—

Christ, P. J., Rabin, Hopkins and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant judgment for the relief requested in the petition, with the following memorandum: Petitioner is a woman with seven children, aged 9 to 22. Her husband is missing, and for the past nine years she has been receiving financial aid from the Department of Social Services. For the past seven years she has lived with her children in a public housing project operated by respondent. From time to time petitioner fell behind in her rent payments and in April, 1969 a proceeding was brought to evict her for non-payment of $319 arrears. She did not appear and on April 30, 1969 the court ordered her eviction. On May 16, 1969 an eviction warrant was read to her by one who identified himself as a City Marshal and then, for the first time, she consulted the Legal Aid Society of Westchester County. For a week the Peekskill Area Community Action Program tried to find other housing for her, but was unsuccessful because of the severe shortage of low-cost housing facilities in the area. At the same time the Legal Aid Society arranged with the Department of Social Services to furnish the amount needed to pay the current rent arrears, and to ensure the payment of future rents by giving petitioner the necessary amount each month in the form of a restricted check payable to her and respondent, jointly. Despite these assurances that petitioner would become and remain current in her rent payments, respondent refused her request to retain her apartment and directed its attorney to proceed with her eviction. In my opinion this determination was unreasonable and arbitrary. The only reason given by respondent for the eviction of petitioner was her failure to keep current with her rent payments. But that reason is no longer valid in view of the Social Services Department's agreement to furnish funds for the present arrears and ensure future payments by direct checks to the order of petitioner and respondent, jointly. Nor, in my opinion, can there be any rational justification for the eviction of this welfare recipient from the low-cost housing project by the governmental agency that operates it, when the inevitable result will be that another governmental agency (the Social Services Department) will have to find and pay for other, much costlier housing, for her and her seven children — perhaps even in a motel or hotel because of the difficulty in finding apartments available for so large a family. And particularly irrational is such determination where, as here, both of the involved agencies have the same function — to help the poor maintain a decent way of life — and this act by respondent is at cross-purposes with the very reason for their creation. There being no rational basis for this determination it should be annulled, the eviction warrant should be vacated, and respondent should be directed to accept payment of the rent arrears and future payments directly from the Department of Social Services.