■ In the Matter of JOANNE HAGGERTY, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Housing Authority, dated August 31, 1977, to terminate petitioner's tenancy because of "Violation of Probation-Chronic Delinquency in the Payment of Rent", petitioner appeals from a judgment of the Supreme Court, Richmond County, dated March 27, 1978, which, inter alia, dismissed the petition. Judgment affirmed, without costs or disbursements (see Matter of Scott v Peekskill Housing Auth., 35 AD2d 554, affd 28 NY2d 610). Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.

■ In the Matter of the Arbitration between HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent, and COUNTRY-WIDE INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, the Country-Wide Insurance Company appeals from a judgment of the Supreme Court, Westchester County, dated September 19, 1978, which granted the application on the ground of the Statute of Limitations. Judgment reversed, on the law, with $50 costs and disbursements, application denied, and the parties are directed to proceed to arbitration forthwith. On February 15, 1974 an automobile accident occurred between an automobile insured by the petitioner, Hartford Accident & Indemnity Company, and an automobile insured by the appellant, Country-Wide Insurance Company. A dispute arose between the appellant and petitioner as to which carrier had the responsibility for the no-fault payments. In the ensuing arbitration proceeding, the arbitrator deferred determination of the ultimate liability as between the two insurers until after the underlying personal injury action was determined, and held Country-Wide responsible for the initial no-fault payments to the insured. Since the question of ultimate liability was raised in the first arbitration proceeding and the determination deferred, the Statute of Limitations stopped running at that point. Thus, there is no viable Statute of Limitations defense to the current arbitration based on the same issue. Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.